Paul M. Belnap, #0279
A. Joseph Sano, #9925
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, UT 84180
Telephone: (801) 532-7080
Facsimile: (801) 323-2037

Robert M. Vinci (Pro Hac Vice Pending)
Erin M. Turner (Pro Hac Vice Pending)
DRINKER BIDDLE & REATH, LLP
500 Campus Dr.
Florham Park, NJ 07932
Telephone: (973) 549-7075
Facsimile: (973) 360-9831

*Attorneys for Plaintiff*

```
         FILED
U.S. DISTRICT COURT

2013 MAR 22  P 3: 14

  DISTRICT OF UTAH

BY:_____
    DEPUTY CLERK
```

---

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| ST. PAUL SURPLUS LINES INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TEEN HELP, LLC<br><br>Defendant. | **COMPLAINT FOR DECLARATORY RELIEF**<br><br>Case: 2:13cv00212<br>Assigned To : Warner, Paul M.<br>Assign. Date : 3/22/2013<br>Description: St. Paul Surplus Lines Insurance v. Teen Help |

Plaintiff St. Paul Surplus Lines Insurance Company ("St. Paul") hereby complains and alleges against Defendant Teen Help, LLC ("Teen Help") as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 in which St.

Paul seeks an adjudication of its rights and obligations under two commercial general liability insurance policies issued to named insured "Teen Help, Inc." and "Teen Help, LLC," as described below.  St. Paul seeks a declaration that it is not obligated to defend or indemnify Teen Help in connection with two underlying lawsuits against it.

2.      Declaratory judgment is appropriate in this matter because Teen Help seeks insurance coverage from St. Paul with respect to the underlying lawsuits brought against it and St. Paul disputes that it has any obligation to provide such coverage pursuant to the insurance policies issued by St. Paul.

## THE PARTIES

3.      St. Paul is a Delaware corporation with its principal place of business in St. Paul, Minnesota and is engaged in the business of insurance and is authorized to do business in the State of Utah.

4.      Defendant Teen Help is a Utah limited liability company doing business in the State of Utah.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because, on information and belief, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

6.      This Court has personal jurisdiction over defendant Teen Help because Teen Help is a limited liability company located in the State of Utah.

FP01/ 6603426.2

7.      There is an actual and justiciable controversy between the parties within the jurisdiction of this Court pursuant to 28 U.S.C. § 2201(a).  Specifically, as set forth more fully below, Defendant seeks a defense and indemnification under two commercial general liability insurance policies issued by St. Paul for two lawsuits filed against it and others: the first in the United States District Court for the District of Utah, captioned <u>Wood v. World Wide Association of Specialty Programs and Schools, et al.</u>, Docket No. 2:06-cv-0708-CW (the "Federal Action"); and the second in the Third Judicial District Court, Salt Lake City, State of Utah, captioned <u>Wood v. World Wide Association of Specialty Programs and Schools, et al.</u>, Case No. 1109-17-242 (hereinafter the "State Action").  St. Paul disputes that the insurance policies issued by it provide coverage for Teen Help in connection with these lawsuits.

8.      Venue is proper under 28 U.S.C. § 1391(a)(2)-(3).

## THE INSURANCE CONTRACTS

9.      St. Paul issued Commercial General Liability Policy No. SF05509931 to named insured "Teen Help, Inc." for the effective period of May 7, 2001 to May 7, 2002 (the "2001 Policy").  The 2001 Policy was renewed for the additional effective period of May 7, 2002 to May 7, 2003 (the "2002 Policy") (collectively, the 2001 Policy and the 2002 Policy will be referred to as the "Policies").  By endorsement to the 2002 Policy, the named insured was changed to "Teen Help, LLC," during the effective period of the 2002 Policy.  True and correct copies of the Policies are attached hereto as Exhibit A and B, respectively.

10.      The Policies provide, in relevant part:

> [St. Paul will] pay amounts any protected person is legally required to pay as damages for covered bodily injury or property damage that:

FP01/ 6603426.2

> - happens while this agreement is in effect; and
>
> - is caused by an event.

11.     The Policies further provide:

> [St. Paul will] have the right and duty to defend any protected person against a claim or suit for injury or damage covered by this agreement.  We'll have such right and duty even if all of the allegations of the claim or suit are groundless, false, or fraudulent. But we won't have a duty to perform any other act or service.
>
> We'll have the right to investigate any event, offense, claim, or suit to the extent that we believe is proper. . .

12.     The Policies contain a "Described Premises or Projects Limitation Endorsement," which provides:

> [St. Paul will] apply this agreement only to covered injury or damage or medical expenses that result from:
>
> - the ownership, maintenance, or use of the premises described in the Coverage Summary;
>
> - work done anywhere that's necessary or incidental to the ownership, maintenance, or use of such premises; or
>
> - the project described in the Coverage Summary.
>
> But we won't apply this limitation to bodily injury or property damage that results from your products or completed work.

13.     The Coverage Summary states that the described premises is "115 W. 1470 S., St. George, UT."  The Coverage Summary does not describe any projects.

14.     By way of Policy Change Endorsement Form 40704 Ed. 5-84, effective July 31, 2002, the described premises was changed to "321 N. Mall Dr. RS, St. George, UT 84790."

15.     The Policies define bodily injury as follows:

> any physical harm, including sickness or disease, to the physical health of other persons.  It includes any of the following that results at any time from such physical harm, sickness, or disease:

FP01/ 6603426.2

- mental anguish, injury, or illness.
- Emotional distress.
- Care, loss of services, or death.

16.     The Policies define event as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

17.     The Policies provide that:

[St. Paul will] apply, and make payment under, this agreement:

- only in the coverage territory; and
- only for covered injury or damage that's caused by events or offenses which happen or are committed there.

18.     The Policies define "coverage territory" as:

- The United States of America, including its territories and possessions;
- Puerto Rico;
- Canada; and
- international waters or airspace only during travel or transportation between any of the above places.

19.     The Policies contain a "Personal Injury and Advertising Injury Exclusion Endorsement" which provides that "[St. Paul] won't cover personal injury or advertising injury."

20.     The Polices provide that St. Paul will not "cover injury or damage for which the protected person has assumed liability under any contract or agreement."

21.     The Policies provide that St. Paul will not cover bodily injury "that's expected or intended by protected person."

22.     The Policies provide that St. Paul will not cover "injury or damage or medical expenses that result from the conduct of any current or past partnership, joint venture, or limited

FP01/ 6603426.2

liability company which isn't shown in the Introduction as a named insured."

## THE FEDERAL ACTION

23.     On or about August 25, 2006, plaintiffs filed suit against Teen Help and numerous

other entities in the United States District Court for the District of Utah, captioned <u>Wood, et al.</u>

<u>v. World Wide Association of Specialty Programs and Schools, et al.</u>, Docket No. 2:06-cv-

00708-CW (the "Federal Action").   A true and correct copy of the original complaint in the

Federal Action is attached hereto as Exhibit C (the "Federal Complaint").

24.     In the Federal Complaint, the plaintiffs sought compensatory and exemplary

damages for injuries allegedly sustained by the minor plaintiff while he attended a residential

boarding school.

25.     The Federal Complaint was amended multiple times to add new plaintiffs,

defendants and claims.   The claims asserted in each version of the Federal Complaint sought

damages for injuries allegedly sustained by plaintiffs when the minor plaintiffs ("Student

Plaintiffs") attended various residential boarding schools.

26.     None of the versions of the Federal Complaint allege any injuries that took place

at Teen Help's office located at "115 W. 1470 S., St. George, UT" or "321 N. Mall Dr. RS, St.

George, UT 84790".

27.     Teen Help demanded that St. Paul defend and indemnify it in connection with the

Federal Action pursuant to the Policies.

28.     St. Paul, while agreeing to defend Teen Help as an accommodation to its insured

and subject to complete reservation of St. Paul's rights and defenses, denied that it owed any

FP01/ 6603426.2

obligation to defend or indemnify Teen Help in connection with the Federal Action and has brought this declaratory judgment action to adjudicate the parties' rights and obligations.

29.     The Federal Action was dismissed without prejudice on August 4, 2011.

## THE STATE ACTION

30.     On or about September 1, 2011, plaintiffs filed suit against Teen Help and numerous other entities in the Third Judicial District Court, Salt Lake City, State of Utah, captioned Wood, et al. v. World Wide Association of Specialty Programs and Schools, et al., Case No. 1109-17-242 (the "State Action").  A true and correct copy of the complaint is attached hereto as Exhibit D (the "State Complaint").

31.     The State Complaint asserts causes of action on behalf of numerous minor plaintiffs ("Student Plaintiffs") and their parents allegedly arising out of the Student Plaintiffs' attendance at various residential boarding schools.

32.     The State Complaint alleges that "[f]rom the mid-1990's to mid-2000's, student Plaintiffs were placed in the care of a least one of [the defendant schools]."  Many of the defendants schools were located outside the United States.

33.     The State Complaint alleges that the Student Plaintiffs "were subjected to physical abuse, emotional abuse, and sexual abuse at various 'WWASPS Enterprise' facilities."

34.     The State Complaint does not allege any injuries that took place at Teen Help's office located at "115 W. 1470 S., St. George, UT" or "321 N. Mall Dr. RS, St. George, UT 84790".

FP01/ 6603426.2

35.     The State Complaint states that the term "WWASPS Enterprise" refers to activities in which all of the named defendants "acted together" as a single enterprise.

36.     The State Complaint alleges that "the Defendants owned, operated, and/or acted as a single business enterprise, or joint venture and acted in concert of action with each and every other named entity Defendant."

37.     The State Complaint alleges that Teen Help was created around 1995 as a marketing company and that Teen Help's primary purpose was to "sell boarding school contracts to distressed parents and troubled children."

38.     The State Complaint asserts numerous causes of action against the Defendants including:  Negligence and Respondeat Superior; Actual and Constructive Fraud; Breach of Contract/Breach of Warranty; Breach of Duty to Act Imposed by Prior Dangerous Conduct; Breach of Duty to Aid Another Harmed by Defendant's Conduct; Intentional and Negligent Infliction of Emotional Distress; Negligent Assumption of the Risk of Intentional or Criminal Conduct; Negligent Misrepresentation Involving Risk of Physical Harm; Battery; Assault; False Imprisonment; Violations of the Utah Truth in Advertising Act; Gross Negligence and Exemplary Damages; and Interest on Special Damages.

39.     Teen Help has demanded that St. Paul defend and indemnify it in connection with the State Action pursuant to the Policies.

40.     St. Paul, while agreeing to defend Teen Help as an accommodation to its insured and subject to a complete reservation of St. Paul's rights and defenses, has denied that it owes any obligation to defend or indemnify Teen Help in connection with the State Action and has

brought this declaratory judgment action to adjudicate the parties' rights and obligations.

## FIRST COUNT

### (Declaratory Judgment – Duty to Defend – Federal Action)

41.     St. Paul repeats and reiterates each and every allegation contained in Paragraphs 1 through 40 as though fully set forth at length herein.

42.     An actual controversy exists between St. Paul and Teen Help with respect to the rights and obligations of St. Paul under the Policies in connection with the Federal Action.

43.     The Policies do not obligate St. Paul to defend or indemnify Teen Help in connection with the Federal Action.

44.     The Federal Action did not assert any claim that was even potentially covered under the Policies because:

a.     The Federal Action did not seek damages because of bodily injury caused by an "event" as that term is defined in the Policies.

b.     The Federal Action did not seek damages because of covered injuries that resulted from the ownership, maintenance, or use of "115 W. 1470 S., St. George, UT" or "321 N. Mall Dr. RS, St. George, UT 84790", or work done anywhere that was necessary or incidental to the ownership, maintenance, or use of such premises; and no projects are described in the Coverage Summary.

c.     The Federal Action did not seek damages because of covered injuries to the extent the Student Plaintiffs alleged injury that took place outside of the effective period of

FP01/ 6603426.2

the Policies.

        d.    The Federal Action did not seek damages because of covered "personal injury" or "advertising injury" as those terms are defined in the Policies because coverage for "personal injury" and "advertising injury" is excluded by the Personal Injury and Advertising Injury Exclusion Endorsement.

        e.    The Federal Action did not seek damages because of covered "bodily injury" to the extent the Student Plaintiffs alleged injuries that took place outside of the United States of America, its territories and possessions, Puerto Rico, or Canada.

        f.    The Federal Action did not seek damages because of covered injury or damage to the extent Teen Help has assumed such liability under any contract or agreement.

        g.    The Federal Action did not seek damages because of covered bodily injury to the extent such injuries were expected or intended by Teen Help.

        h.    The Federal Action did not seek damages because of covered injury or damage to the extent such injury or damage resulted from the conduct of any current or past partnership, joint venture, or limited liability company that is not listed as a Named Insured in the Policies.

        i.    No coverage is afforded for the Federal Action under the 2001 Policy because Teen Help, LLC does not qualify as an insured under the 2001 Policy.

        j.    The Federal Action did not seek damages because of covered "bodily injury" as that term is defined in the Policies.

FP01/ 6603426.2

45.     St. Paul is entitled to a declaration that it is not now, and never has been, under any obligation under the Policies to defend Teen Help in connection with the Federal Action.

WHEREFORE, plaintiff St. Paul demands judgment against defendant Teen Help as follows:

A.     Declaring that St. Paul does not now and never has had any obligation under the Policies to defend Teen Help in connection with the Federal Action;

B.     Ordering such other and further relief as the Court shall deem just and equitable.

## SECOND COUNT

### (Declaratory Judgment – Duty to Defend - State Action)

46.     St. Paul repeats and reiterates each and every allegation contained in Paragraphs 1 through 45 as though fully set forth at length herein.

47.     An actual controversy exists between St. Paul and Teen Help with respect to the rights and obligations of St. Paul under the Policies in connection with the State Action.

48.     The Policies do not obligate St. Paul to defend or indemnify Teen Help in connection with the State Action.

49.     The State Action does not assert any claim that is even potentially covered under the Policies because:

a.     The State Action does not seek damages because of bodily injury caused by an "event" as that term is defined in the Policies.

FP01/ 6603426.2

b. The State Action does not seek damages because of covered injuries that resulted from the ownership, maintenance, or use of "115 W. 1470 S., St. George, UT" or "321 N. Mall Dr. RS, St. George, UT 84790", or work done anywhere that necessary or incidental to the ownership, maintenance, or use of such premises; and no projects are described in the Coverage Summary.

c. The State Action does not seek damages because of covered injuries to the extent the Student Plaintiffs allege injury that took place outside of the effective period of the Policies.

d. The State Action does not seek covered damages because of "personal injury" or "advertising injury" as those terms are defined in the Policies because coverage for "personal injury" and "advertising injury" is excluded by the Personal Injury and Advertising Injury Exclusion Endorsement.

e. The State Action does not seek damages because of covered "bodily injury" to the extent the Student Plaintiffs allege injuries that took place outside of the United States of America, its territories and possessions, Puerto Rico, or Canada.

f. The State Action does not seek damages because of covered injury or damage to the extent Teen Help has assumed such liability under any contract or agreement.

g. The State Action does not seek damages because of covered bodily injury to the extent such injuries were expected or intended by Teen Help.

h. The State Action does not seek damages because of covered injury or damage to the extent such injury or damage resulted from the conduct of any current or past

FP01/ 6603426.2

partnership, joint venture, or limited liability company that is not listed as a Named Insured in the Policies.

                  i.      No coverage is afforded for the State Action under the 2001 Policy because Teen Help, LLC does not qualify as an insured under the 2001 Policy.

                  j.      The State Action does not seek damages because of covered "bodily injury" as that term is defined in the Policies.

      50.     St. Paul is entitled to a declaration that it is not now, and never has been, under any obligation under the Policies to defend Teen Help in connection with the State Action.

WHEREFORE, plaintiff St. Paul demands judgment against defendant Teen Help as follows:

      A.     Declaring that St. Paul does not now and never has had any obligation under the Policies to defend Teen Help in connection with the State Action;

      B.     Ordering such other and further relief as the Court shall deem just and equitable.

## THIRD COUNT

### (Declaratory Judgment – Duty to Indemnify – State Action)

      51.     St. Paul repeats and reiterates each and every allegation contained in Paragraphs 1 through 50 of the Complaint as though fully set forth at length herein.

      52.     St. Paul is entitled to a declaration that it does not have any obligation under the Policies to indemnify Teen Help for any judgment in or settlement of the State Action, or for any

expense incurred in connection with the State Action.

WHEREFORE, plaintiff St. Paul demands judgment against defendant Teen Help as follows:

A.       Declaring that St. Paul does not have any obligation under the Policies to indemnify Teen Help in connection with the State Action;

B.       Ordering such other and further relief as the Court shall deem just and equitable.

## FOURTH COUNT

**(Declaratory Judgment – Reimbursement of Defense Costs – Federal Action)**

53.       St. Paul repeats and reiterates each and every allegation contained in Paragraphs 1 through 52 of the Complaint as if set forth at length herein.

54.       Teen Help received from St. Paul a defense in connection with the Federal Action, subject to a full reservation of St. Paul's rights and defenses.

55.       Teen Help accepted from St. Paul a defense in connection with the Federal Action with full knowledge of St. Paul's reservation of rights, including its right to seek reimbursement from Teen Help for any sums expended by St. Paul which exceeded any obligations owed by St. Paul pursuant to the terms, conditions, definitions, exclusions, and limitations of the Policies including, without limitation, any amounts paid by St. Paul in connection with the defense of Teen Help in the Federal Action.

56.       Teen Help, directly or as a result of payments made to its defense counsel in the

FP01/ 6603426.2

Federal Action, has received monies from St. Paul for alleged obligations that St. Paul never agreed to assume under the Policies.

57.     Teen Help, directly or as a result of payments made to its defense counsel in the Federal Action, has received monies from St. Paul that Teen Help was not entitled to receive and the retention of such funds is inequitable under the circumstances.

58.     As a result, Teen Help has been unjustly enriched.

59.     St. Paul is entitled to reimbursement from Teen Help for any sums expended by St. Paul which exceeded any obligations owed by St. Paul pursuant to the terms, conditions, definitions, exclusions, and limitations of the Policies including, without limitation, any amounts paid by St. Paul in connection with the defense of Teen Help in the Federal Action.

WHEREFORE, plaintiff St. Paul demands judgment against defendant Teen Help as follows:

A.     Declaring that St. Paul does not have any obligation under the Policies to defend Teen Help in connection with the Federal Action;

B.     Declaring that St. Paul is entitled to recover from Teen Help all monies paid by St. Paul in connection with the Federal Action;

C.     Ordering such other and further relief as the Court shall deem just and equitable.

## FIFTH COUNT

### (Declaratory Judgment – Reimbursement of Defense Costs – State Action)

FP01/ 6603426.2

60.     St. Paul repeats and reiterates each and every allegation contained in Paragraphs 1 through 59 of the Complaint as if set forth at length herein.

61.     Teen Help is receiving from St. Paul a defense in connection with the State Action, subject to a full reservation of St. Paul's rights and defenses.

62.     Teen Help accepted from St. Paul a defense in connection with the State Action with full knowledge of St. Paul's reservation of rights, including its right to seek reimbursement from Teen Help for any sums expended by St. Paul which exceeded any obligations owed by St. Paul pursuant to the terms, conditions, definitions, exclusions, and limitations of the Policies including, without limitation, any amounts paid by St. Paul in connection with the defense of Teen Help in the State Action.

63.     Teen Help, directly or as a result of payments made to its defense counsel in the State Action, has received monies from St. Paul for alleged obligations that St. Paul never agreed to assume under the Policies.

64.     Teen Help, directly or as a result of payments made to its defense counsel in the State Action, has received monies from St. Paul that Teen Help was not entitled to receive and the retention of such funds is inequitable under the circumstances.

65.     As a result, Teen Help has been unjustly enriched.

66.     St. Paul is entitled to reimbursement from Teen Help for any sums expended by St. Paul which exceeded any obligations owed by St. Paul pursuant to the terms, conditions, definitions, exclusions, and limitations of the Policies including, without limitation, any amounts paid by St. Paul in connection with the defense of Teen Help in the State Action.

FP01/ 6603426.2

WHEREFORE, plaintiff St. Paul demands judgment against defendant Teen Help as follows:

A.      Declaring that St. Paul does not now and never had any obligation under the Policies to defend or indemnify Teen Help in connection with the State Action;

B.      Declaring that St. Paul is entitled to recover from Teen Help all monies paid by Teen Help in connection with the State Action;

C.      Ordering such other and further relief as the Court shall deem just and equitable.

## JURY DEMAND

St. Paul hereby demands a trial by jury for all issues so triable.

DATED this 22nd day of March, 2013.

STRONG & HANNI

By_____
Paul M. Belnap
A. Joseph Sano
Attorneys for Plaintiff

Of Counsel:

Robert M. Vinci (Pro Hac Vice Pending)
Erin M. Turner (Pro Hac Vice Pending)
DRINKER BIDDLE & REATH, LLP
500 Campus Dr.
Florham Park, NJ 07932
Telephone: (973) 549-7075
Facsimile: (973) 360-9831

FP01/ 6603426.2